# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**EDDIE BILLINGS, JR.**                                                        **PLAINTIFF**

v.                                                 **CIVIL ACTION NO. 3:15-CV-864-CRS**

**ARMED FORCES NAVY ABA OFFICE,** *et al.*                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Eddie Billings, Jr., filed the instant *pro se* action. In so doing, he also filed an application to proceed without prepayment of fees (DN 3) which is **GRANTED**. However, because the Complaint (DN 1) fails to meet the pleading standards of Fed. R. Civ. P. 8(a), the action will be dismissed.

Plaintiff filed his Complaint on the Court-approved general complaint form. On this form, he identifies Defendants as "Armed Forces Navy ABA Offices," "CAC Navy ABA Offices," and White House 40-47 Presidentiary Offices." He then states:

> "This is regards of my transcript file has not been present for recovery for medical care at the VA Hospital so of which neither was my mother's and by checking status I did not find my Air Force. . . The locations of this situation are I am sure spread out throughout the North America country and even the continent of South America. . . Armed Forces Navy ABA is envolved [sic] through out enlistment and unenlistment of which were to the CAC Navy ABA at which at the time of these process it is to go through the White House before arriving at the VA network this is a term of 30 years of which I believe is very uncommon. I should not have to pay for an Attorney to do paid money at the Guard Shack before entering the base." In the relief section of the form, he states: "unsure what the Judge Panel can do, do to they are a Higher Judge Panel."

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal

theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. The Complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). For this reason, it also fails to place Defendants on notice as to any claim(s) against them. *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Nor is the Court required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, because Plaintiff has failed to meet the notice-pleading standard in his Complaint and has failed to state a claim, this action will be dismissed by separate Order pursuant to Fed. R. Civ. P. 8(a) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Date: December 11, 2015

**Charles R. Simpson III, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
4411.011